UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN RODRIGUEZ,

    Petitioner,

v.                                     CASE NO. 8:14-cv-982-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Rodriguez was ordered (Doc. 3) to show cause why his application under Section 2254 is not time-barred. The earlier order explains the requirements for showing entitlement to equitable tolling of the limitation. Instead of attempting to assert entitlement to equitable tolling, Rodriguez attempts to assert entitlement to a review of his claims under the "actual innocence" exception to the one-year limitation. In his response Rodriguez (1) "moves this Honorable Court for an exception to timeless [*sic*] restriction," (2) "request[s] the Honorable Court excuse the procedural default based on manifest injustice," and (3) asserts that the "failure to consider his claim would result in a fundamental miscarriage of justice." (Doc. 7) The ensuing argument discusses the requirements to obtain relief under both Section 2254 and *Strickland v. Washington*, 466 U.S. 668 (1984), but the response discloses no basis for a claim of "actual innocence," which, as characterized by Rodriguez, is sometimes identified as "manifest injustice" or "fundamental miscarriage of justice."

Rodriguez bears the burden of proving that he did not commit the criminal offense for which he is imprisoned. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence Rodriguez must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new "evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin, Warden v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013). The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006). Rodrizuez fails to meet his burden of proving entitlement to a review of his time-barred application.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

ORDERED in Tampa, Florida, on July 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE